UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Patrick Forciea,                                              Civil No. 08-2219 (JMR/FLN)

      Plaintiff,

      v.                                                  **ORDER AND REPORT AND RECOMMENDATION**

Fortis Benefits Insurance Company,

      Defendant.

---

Patrick Forciea, *pro se*.
Sara Bottleson Turner for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's Motion to Remand [#7]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Plaintiff's Motion [#7] be **DENIED**. The Court also orders that Plaintiff's Amendment to the Complaint [#13] be **STRICKEN** and that Plaintiff shall have thirty days from the date of this Order to file an amended complaint that complies with the Local Rules.

**I.**     **FINDINGS OF FACT**

The Plaintiff filed a state action in Hennepin County District Court on May 15, 2008, alleging breach of contract for Defendant's alleged failure to pay him $168,000 in long-term disability benefits. The Plaintiff is currently serving a prison sentence. Prior to July 28, 2008, he resided at the Federal Medical Center in Rochester, Minnesota. He has since been transferred to a facility in Florence, Colorado, to participate in the Bureau of Prisons' nine-month residential drug and alcohol treatment program. (*See* Dkt. No. 16.) The Defendant removed the state action to this

district on June 13, 2008, pursuant to 28 U.S.C. § 1441 and alleges that this Court has jurisdiction over this case under both 28 U.S.C. § 1331, which provides for federal question jurisdiction, and 28 U.S.C. § 1332, which provides for diversity jurisdiction.

## II.     STANDARD OF REVIEW

Where a case has been removed to federal court from state court, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A party seeking to remove a case to federal court bears the burden of demonstrating that the action was properly removed and that federal subject matter jurisdiction exists for the action. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir.1993). When reviewing a motion for remand, the district court is "required to resolve all doubts about federal jurisdiction in favor of remand." *Id*.

28 U.S.C. § 1332 provides that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). This Court has previously concluded that "[t]he removing defendant can sufficiently meet [the] . . . burden [of proving amount in controversy] by submitting proof that a plaintiff's verdict reasonably may well exceed [the amount in controversy], or if, on the face of the complaint, it is apparent that the claims are likely above that amount." *McNeilus Truck and Mfg., Inc. v. Hunt*, 2001 WL 837940 * 2 (D.Minn.2001) (citing *Gilmer v. Walt Disney Co.*, 915 F.Supp. 1001, 1007 (W.D.Ark.1996)).

## III.    LEGAL ANALYSIS

      **A.**     **This Court has Diversity Jurisdiction Over the Case.**

The parties satisfy the requirement that they be citizens of different states. Plaintiff was a citizen of Minnesota prior to his incarceration. (*See* Decl. of Sue Sperry at ¶ 3.) Even though he is currently incarcerated in Florence, Colorado, a prisoner is presumed to maintain his pre-incarceration citizenship for purposes of determining citizenship under 29 U.S.C. § 1332. *Jones v. Hadican*, 552 F.2d 249, 250-51 (8th Cir. 1977). Plaintiff has presented no evidence rebutting this presumption and therefore the Court concludes he is a citizen of Minnesota.

The Defendant corporation is a citizen of Iowa and Missouri. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ." *See* 28 U.S.C.A. § 1332 The Defendant corporation was incorporated in Iowa and its principal place of business is in the State of Missouri. (*See* Decl. of Sue Sperry at ¶ 4.) Even if the Plaintiff were presumed to live in Colorado, where he is currently located, his residence in that state would not upset the requirement for diversity jurisdiction that the parties be citizens of different states.

As for the second requirement of diversity jurisdiction, the amount in controversy, the Plaintiff has alleged in his complaint damages of $168,000 which satisfies $75,000 amount in controversy requirement.

Because the requirements of diversity jurisdiction have been easily met in this case, the Court will not address the Defendant's argument that Federal question jurisdiction also exists.

      **B.**     **Plaintiff's Amendment to the Complaint [#13] Shall be Stricken.**

The Plaintiff filed a document titled "First Amendment to Complaint" [#13] on July 24, 2008, where he alleged that because he had not yet received Defendant's Answer to the Complaint,

he could, without leave of court, amend his complaint, pursuant to Federal Rule of Civil Procedure 15(a). The "First Amendment to Complaint" increases the amount of damages sought to $312,000. The Defendant claims that this Amendment should be stricken because Plaintiff was served with Defendant's Answer on June 13, 2008 and, pursuant to Rule 15(a)(2), such service required the Plaintiff to seek leave of Court to amend his complaint. (See Dkt. No. 4.) As stated above, the Plaintiff claims he never received the Answer.

These arguments aside, the Amended Complaint is deficient because it does not comply with Local Rule 15.1. The rule provides that: [a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Here, Plaintiff's Amended Complaint does not satisfy the requirements of this rule because he has not "reproduce[d] the entire pleading as amended." Instead, Plaintiff's amendment merely states that he seeks to increase the damages sought to $312,000. The Court hereby strikes Plaintiff's Amended Complaint. In the interests of justice, however, the Plaintiff shall have 30 days from the date of this Order to amend his complaint to include "the entire pleading as amended," in accordance with Local Rule 15.1.

## IV.    RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Remand [#7] be **DENIED**.

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint [#13] is **STRICKEN**. Plaintiff is granted leave to file another amended complaint, but if he elects to do so, he must comply with Local Rule 15.1, and must file his new pleading no later than 30 days from the date of this Order.

DATED: August 26, 2008                              *s/ Franklin L. Noel*
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 15, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.


This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.